The document below is hereby signed.

Signed: March 06, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ALENE E. WITCHER,              )    Case No. 08-00350
                               )    (Chapter 7)
              Debtor.          )    **For Publication in West's**
                               )    **Bankruptcy Reporter**

MEMORANDUM DECISION RE WHETHER TO VACATE
DISCHARGE ISSUED WHEN DEBTOR WAS INELIGIBLE
TO RECEIVE DISCHARGE BY REASON OF 11 U.S.C. § 727(a)(8)

In a prior bankruptcy case commenced in this court in 2005, Alene E. Witcher, as the debtor, received a discharge under section 727(a) of the Bankruptcy Code (11 U.S.C.). In 2008, Witcher filed a petition as the debtor commencing the instant bankruptcy case. In relevant part, 11 U.S.C. § 727(a)(8) provides that "[t]he court shall grant the debtor a discharge, unless . . . the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition . . . ." Witcher disclosed on her petition that she had filed the prior bankruptcy case in 2005, but did not include the case number or the court in which it was filed. No party in interest raised any issue with respect to the

previous bankruptcy discharge, and after the bar date in this case for objecting to discharge had passed, the court issued a discharge on September 24, 2008.

After granting the discharge, the court became aware of the discharge in the prior case that made Witcher ineligible under § 727(a)(8) to receive a discharge in this case. On October 17, 2008, the court issued an order directing Witcher to show cause why Witcher's second discharge should not be vacated and the case closed without a discharge. Both Witcher and the United States Trustee filed responses. Witcher does not dispute that she received a discharge in the case commenced in 2005, but asserts that she misled no one. The United States Trustee argues that, as noted in the order to show cause, courts have held that a bankruptcy court has sua sponte authority to deny a discharge when § 727(a)(8) applies, and argues that the court similarly has sua sponte authority to vacate a discharge that was entered despite the bar of § 727(a)(8).

The question presented is whether, based on the debtor's ineligibility under § 727(a)(8) to have received a discharge, a bankruptcy court has the authority to vacate a discharge entered after the bar date for objecting to discharge. I conclude that a bankruptcy court lacks the authority to do so. As such, Witcher's September 24, 2008 discharge must remain in effect.

I

Had the earlier discharge been granted in a bankruptcy court
in a different jurisdiction, parties in interest seeking to
invoke § 727(a)(8) would have been obligated timely to invoke
that provision, and could not treat the discharge order as
ineffective. *See Bluthenthal v. Jones*, 208 U.S. 64 (1908)
(question of effect of prior bankruptcy case was merely an issue
to be addressed in deciding whether to grant a discharge, and
when creditor failed timely to raise as bar to discharge the
debtor's having suffered a denial of discharge in a prior case,
the discharge was effective despite that prior case). No
rational reason exists why the result should be different when
the current discharge is entered in the same court in which the
prior discharge was entered. I will assume, without deciding,
that a court has the power to invoke § 727(a)(8) and to deny a
discharge if its records show that the debtor obtained a
discharge in a recent previous case. But failure to take
judicial notice of the court's own records in the prior case and
to deny the discharge based on § 727(a)(8) "merely leads to an
erroneous judgment," *Ginsberg v. Thomas*, 170 F.2d 1, 3 (10th Cir.
1948), and is not a ground for treating that judgment as
ineffective.

"A proceeding in bankruptcy has the characteristics of a
suit." *Freshman v. Atkins*, 269 U.S. 121, 123 (1925). By

3

extension, an order of discharge has the characteristics of a
judgment in a court of law. *Ginsberg,* 170 F.2d at 3. Thus, an
order of discharge shares the finality of a judgment; the order
of discharge stands unless revocation of or vacating that order
is provided for by statute or rule. *See Ginsberg*, 170 F.2d at 3;
*In re Johnson*, 250 B.R. 521, 526-27 (Bankr. E.D. Pa. 2000)
(stating that an order of discharge, entered in spite of a
failure to meet the requirement of 11 U.S.C. § 727(a)(8), is not
subject to revocation, unless such revocation is authorized by
statute).

The discharge order would, of course, be void if
§ 727(a)(8) were jurisdictional, but it is not. Instead, it is
an adjudication that none of the grounds for denying a discharge
have been presented and that those grounds do not preclude entry
of the discharge. The discharge constitutes *res judicata* -
precluding raising such grounds after entry of the discharge.

In contrast to a jurisdictional statute, § 727(a)(8) does
not preclude a debtor from filing a second bankruptcy case during
the eight-year period following a discharge, or a court from
considering granting a discharge; rather, it permits parties to
raise the issue of whether its language applies such that the
court should deny a second discharge. *See In re Canganelli*, 132
B.R. 369, 384 (Bankr. N.D. Ind. 1991) (recognizing that a lack of
eligibility for discharge in the related contexts of Chapter 13

4

and 11 U.S.C. § 109(g) has not been held to be jurisdictional).
The court has jurisdiction to hear arguments on the matter, and
must make the factual determination whether the debtor did
receive a discharge in a case commenced within an eight-year
period prior to the commencement of the case before the court.
If, erroneously, the court either expressly concludes that no
previous discharge occurred or implicitly concludes the same by
issuing another discharge, that order of discharge is still a
binding judgment adjudicating the issue.  An erroneous judgment
is corrected by provisions in the rules or statute, or on appeal.
If that is not done or provided for, the erroneous judgment
remains effective.  *See Ginsberg*, 170 F.2d at 3 (recognizing that
an erroneous judgment is not void by virtue of the error).  *See*
*also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513-16 (2006)
(15-employee threshold for asserting Title VII claim against
employer was not a determinant of subject matter jurisdiction,
and went instead to merits of claim).

II

Once an order of discharge is issued, statutory law provides
that a party can move for a revocation of the discharge within
one year after it was issued where the discharge was obtained
through the fraud of the debtor.  11 U.S.C. § 727(d) and (e).
Here, there is no evidence before the Court that Witcher
committed fraud in filing the second case or pursuing a second

discharge; the United States Trustee concedes in his filing that he lacks any information to indicate Witcher acted in bad faith. Thus, the order of discharge cannot be revoked as procured by fraud.

### III

The United States Trustee failed by the deadline of Fed. R. Bankr. P. 4004(a) to file either a complaint objecting, based on § 727(a)(8), to Witcher's obtaining a discharge, or a motion to enlarge the time to object to discharge.  Once that deadline passed, it was too late, by reason of Fed. R. Bankr. P. 4004(b) and 9006(b)(3), to seek an enlargement of the time to file a complaint objecting to discharge.  Although the bar date is not jurisdictional and can be forfeited as a defense, *Kontrick v. Ryan*, 540 U.S. 443 (2004), Witcher has already obtained her discharge.  The bar date of Rule 4004(a) as a defense to a belated objection to discharge is no longer an issue once the discharge is entered.

### IV

Nevertheless, argues the United States Trustee, the court may sua sponte vacate the discharge as entered in violation of § 727(a)(8).  As noted in the court's order to show cause, some decisions hold that a bankruptcy court has the authority, sua sponte, to deny a debtor a discharge when § 727(a)(8) applies. *See In re Asay*, 364 B.R. 423, 426-27 (Bankr. D.N.M. 2007); *In re*

6

*Burrell*, 148 B.R. 820, 823 (Bankr. E.D. Va. 1992).[1]  Those decisions, however, provide no authority for a court to revoke a discharge sua sponte under 11 U.S.C. § 727(d) as § 727(a)(8) is not a ground listed in § 727(d) for revoking the discharge.

There remains the question whether the discharge can be vacated under one of the rules governing vacating a judgment.  A judgment is generally subject to modification under the procedures of Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59, which permits modification pursuant to a motion filed within 10 days after the entry of judgment) and Fed. R. Bankr. P. 9024 (incorporating, with exceptions, Fed. R. Civ. P. 60).  Rule 9023 does not apply here because more than 10 days elapsed after entry of the judgment before the § 727(a)(8) issue was raised. That leaves Rule 9024 which provides in relevant part that Rule 60 applies "except that . . . (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code . . . ."[2]  By mentioning § 727(e), Rule 9024 might be read as suggesting that a

---

[1]  *But see In re Canganelli*, 132 B.R. at 383-84 (court may not sua sponte deny a discharge based on § 727(a)(8), and even if it could, would be subject to the bar date for objecting to discharge).

[2]  As already noted, a complaint to revoke Witcher's discharge would not succeed.  There is no evidence Witcher committed fraud in securing a second discharge, *see* 11 U.S.C. § 727(d)(1), and the granting of the second discharge precludes, via *res judicata*, otherwise re-addressing the requirement of § 727(a)(8).

discharge may only be vacated pursuant to the power of revocation under 11 U.S.C. § 727(d).

Nevertheless, courts recognize that a chapter 7 discharge may be vacated under Rule 9024 if the discharge was entered pursuant to a clerical error that justifies vacating the discharge. *See In re Johnson*, 250 B.R. at 526.[3] Illustratively, if at the time of entry of the discharge a complaint was already pending which pled facts warranting denial of a discharge (even though not identifying denial of discharge as a form of relief sought), the court would have authority under Rule 9024 to vacate the discharge. *Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005). Similarly, courts have held that a chapter 13 discharge may be vacated under Rule 9024 if the discharge was entered pursuant to a mistake in believing that all payments under a confirmed plan

---

[3] An example of a clerical error is provided by the treatment in Rule 4004 of 11 U.S.C. § 727(a)(11). That statutory provision directs that the debtor is not entitled to a discharge if the debtor has not completed a course in personal financial management. Under Fed. R. Bankr. P. 4004(c)(1)(H), even once the time for objecting to discharge has expired, the court is not to grant the debtor a discharge if the debtor has not filed a statement of completion of such a course. Rule 4004(c)(1), in contrast to its treatment of § 727(a)(11), carves out no exception for § 727(a)(8) with respect to the direction to issue a discharge once the time for objecting to discharge has expired. By standing order, the clerk is authorized to issue a discharge once a discharge can be granted pursuant to Rule 4004. If the clerk erroneously issues a discharge when Rule 4004(c)(1)(H) precluded the granting of a discharge, that is a clerical error that serves as a ground for the court's vacating the discharge. But when the clerk issues a discharge even though the discharge could have been denied under § 727(a)(8), that is not an error.

had been completed.  *See Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1467 (9th Cir. 1993) (chapter 13 discharge could be vacated under Rule 60(b) where the "order of discharge was entered by the bankruptcy court under a misapprehension as to the facts of the case," specifically, an erroneous belief that all claims had been paid as required by the confirmed plan's terms); *Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1198-99 (10th Cir. 2003) (discharge vacated where chapter 13 trustee mistakenly reported that plan payments had been completed and overlooked a tax refund that by the plan terms was to be paid to the trustee for the benefit of creditors; upon administration of that refund, the debtors received their discharge anew).

But this utilization of Rule 9024 has been limited to "situations that involve a court's attempt to correct its own mistake in issuing the discharge . . . ."  *In re Magundayao*, 313 B.R. 175, 178 (Bankr. S.D.N.Y. 2004) (citations omitted).[4]  As in *In re Maundayao*:

> This limited exception does not apply to the current dispute, because the clerk did not issue the discharge in error.  Under Rule 4004(c), and with certain exceptions, the clerk of the court must issue discharge "on expiration of the time fixed for filing a complaint objecting to discharge."

---

[4]  In *In re Magundayao*, the court held that a discharge may not be vacated pursuant to a creditor's motion under Rule 9024 alleging that the debtor fraudulently failed to list the creditor on his schedules.

9

313 B.R. at 179 (footnote omitted).

The United States Trustee might argue that the court was mistaken in thinking that no discharge had been entered in a prior recent case, and thus that Rule 9024 may be invoked to vacate the discharge.  But that argument would disregard the point that Rule 4004 authorizes the entry of a discharge and makes its entry proper (and thus not a mistake) if there has been no timely objection to discharge.  Nothing in § 727(a) or Rule 4004(a) imposes upon the court the obligation to ascertain whether the debtor obtained a discharge in a prior case pending in the court.  Some decisions hold that the court has authority to raise § 727(a)(8) sua sponte, but that does not alter the outcome.  Here, the court failed to notice that a discharge had been entered in a prior case.  Once, as a consequence, the bar date for objecting to discharge expired with neither the court nor an interested party having raised § 727(a)(8), entry of the discharge based on Rule 4004(c) was not a mistake.

V

An order follows.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Dennis J. Early, Esq., Assistant United States Trustee.